# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JOSEPH PERRY B.,[1]     ) NO. SACV 20-1196-KS
     **Plaintiff,** )
  v.      ) **MEMORANDUM OPINION AND ORDER**
        )
ANDREW SAUL, Commissioner of )
Social Security,    )
     **Defendant.** )
_____ )

## INTRODUCTION

Joseph Perry B. ("Plaintiff") filed a Complaint on July 7, 2020, seeking review of the denial of his applications for Disability Insurance benefits ("DIB") and Supplemental Security Insurance ("SSI"). (Dkt. No. 1.) On August 5, 2020, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11-13.) On March 16, 2021, the parties filed a Joint Stipulation ("Joint Stip."). (Dkt. No. 19.) Plaintiff seeks an order reversing and remanding for immediate award of benefits or, in the alternative, remand for further proceedings. (Joint Stip. at 24-25.) The Commissioner requests

---

[1]   Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1    that the ALJ's decision be affirmed or, in the alternative, remanded for further proceedings.

2    (*Id.* at 25-27.)  The Court has taken the matter under submission without oral argument.

3

4                          **SUMMARY OF PRIOR PROCEEDINGS**

5

6          On February 9, 2018, Plaintiff, who was born on July 18, 1967, protectively filed

7    applications for a period of disability, DIB, and SSI; he alleged that he was unable to work as

8    of October 17, 2017, due to stage three emphysema and severe anxiety.[2]  (*See* Administrative

9    Record ("AR") 28, 91-92, 210-34, 252.)  After the Commissioner initially denied Plaintiff's

10   applications and reconsideration thereof (AR 127-32, 136-41), Plaintiff requested a hearing

11   (AR 142-44).  Administrative Law Judge Louis M. Catanese (the "ALJ") held a hearing on

12   October 22, 2019.  (AR 34.)  Plaintiff and a vocational expert ("VE") testified.  (AR 38-57.)

13   On November 13, 2019, the ALJ issued an unfavorable decision.  (AR 14-29.)  On May 19,

14   2020, the Appeal Council denied Plaintiff's request for review.  (AR 8-13.)

15

16                        **SUMMARY OF ADMINISTRATIVE DECISION**

17

18         The ALJ found that Plaintiff had not engaged in substantial gainful activities since

19   October 16, 2017, his alleged disability onset date.  (AR 19.)  He determined that Plaintiff had

20   the severe impairment of chronic obstructive pulmonary disease (COPD).  (AR 20.)  After

21   specifically considering listing 3.02, the ALJ concluded that Plaintiff did not have an

22   impairment or combination of impairments that met or medically equaled the severity of an

23   impairment listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d),

24   404.1525, 404.1526, 416.920(d), 416.925, 416.926).  (AR 23.)  The ALJ determined that

25   Plaintiff had the residual functional capacity ("RFC") to perform greater than light work, with

26

27   _____
     [2]     Plaintiff was 50 years old on his alleged disability onset date and at the time he filed his DIB and SSI applications
28   (AR 28); he thus met the agency's definition of a person "closely approaching advanced age."  *See* 20 C.F.R.
     §§ 404.1563(d), 416.963(d).

                                                        2

the limitation that he "would need to avoid concentrated exposure to temperature extremes and pulmonary irritants in the workplace environment." (*Id.*)

The ALJ found that Plaintiff could not perform any past relevant work.[3] (AR 27.)  He found that transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supported a finding that Plaintiff was "not disabled," whether or not he had transferable job skills.  (AR 28.)  The ALJ then determined that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the jobs of information clerk (DOT[4] 237.367-018), mail clerk (DOT 209.687-026), and officer helper (DOT 239.567-010).  (AR 28-29.)  Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the ALJ's decision.  (AR 29.)

## STANDARD OF REVIEW

This Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (citation omitted).  "Even when the evidence is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

---

[3]   The ALJ noted that the VE testified at the hearing before the ALJ that Plaintiff's past work was a composite job with the job titles computer system hardware analyst and computer technical support analyst.  (AR 27, 55-56.)

[4]   "DOT" refers to the *Dictionary of Occupational Titles*.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in her decision "and may not affirm the ALJ on a ground upon which [s]he did not rely." *Orn*, 495 F.3d at 630. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted).

## DISCUSSION

Plaintiff raises one issue: whether the ALJ properly evaluated the opinion evidence. (Joint Stip. at 4.) For the reasons discussed below, the Court concludes that the ALJ gave specific and legitimate reasons supported by substantial evidence for finding the opinion of Plaintiff's examining physician not persuasive, and for finding more persuasive the opinions of the state agency physicians.

## I.    Legal Standard

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir.

4

1   2014); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in
2   its decision totally ignore a treating doctor and his or her notes, without even mentioning
3   them").

4

5       The Ninth Circuit previously has required that, in order to reject an uncontradicted
6   opinion of a treating or examining physician, the ALJ must provide "clear and convincing
7   reasons that are supported by substantial evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675
8   (9th Cir. 2017); *Ghanim v. Colvin*, 763 F.3d 1154, 1160-61 (9th Cir. 2014).   Alternatively,
9   "[i]f a treating or examining doctor's opinion *is* contradicted by another doctor's opinion, an
10  ALJ may only reject it by providing specific and legitimate reasons that are supported by
11  substantial evidence." *Trevizo*, 871 F.3d at 675 (emphasis added).   The Ninth Circuit held that
12  an ALJ "can meet this burden by setting out a detailed and thorough summary of the facts and
13  conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.*
14  (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

15

16      However, for disability applications filed on or after March 27, 2017, the Commissioner
17  revised the rules for the evaluation of medical evidence at the administrative level.   *See*
18  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg 5844-01 (Jan.
19  18, 2017).   Because Plaintiff protectively filed his applications for DI and SSI on February 9,
20  2018 (AR 17, 210-34), it is subject to the revised rules.   It remains to be seen whether the new
21  regulations will meaningfully change how the Ninth Circuit determines the adequacy of an
22  ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide
23  "clear and convincing" or "specific and legitimate reasons" in the analysis of medical opinions,
24  or some variation of those standards.   *See Patricia F. v. Saul*, 2020 WL 1812233, at *3 (W.D.
25  Wash. Apr. 9, 2020).   Nevertheless, the Court is mindful that it must defer to the new
26  regulations, even where they conflict with prior judicial precedent, unless the prior judicial
27  construction "follows from the unambiguous terms of the statute and thus leaves no room for
28  agency discretion." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967,

981-82 (2005); *see, e.g.*, *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld unless 'they exceeded the Secretary's authority [or] are arbitrary and capricious.'").

The revised rules provide that adjudicators for the Social Security Administration, including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources, including the claimants themselves. 20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1). The ALJ will articulate how she considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b). When a single medical source provides multiple opinions and findings, the ALJ must articulate how they were considered in a single analysis. 20 C.F.R. § 416.920c(b)(1).

## II.    The Opinion Evidence

On May 23, 2018, John Godes, M.D., a board certified specialist in internal medicine, performed an Internal Medicine Evaluation on Plaintiff. (AR 475-76.) Plaintiff presented to Dr. Godes with a history of COPD, resulting in two block dyspnea on exertion when he walked slowly; he further presented with a chronic dry cough and two pillow orthopnea. (AR 473.) Dr. Godes reviewed Plaintiff's available records, which gave a diagnosis of COPD. (*Id.*) An

examination of Plaintiff's lung shows normal expansion and resonance to percussion; decreased breath sounds with prolonged expiration; and no rhonchi, rales, or wheezing.  (AR 475.)  An examination of his cardiovascular function showed no heaves or thrills, normal second sound, regular rhythm, and no murmur.  (*Id.*)  Plaintiff's examination also showed unremarkable findings in his neck, chest, abdomen, back, shoulders, elbows, wrists and hands, hips, knees, and ankles.  (AR 475-76.)  A pulmonary function test ("PFT") showed moderately severe obstructive disease with no restrictive disease.  (AR 468, 476.)  Plaintiff had normal gait and did not require use of an assistive device.  (AR 476.)

Dr. Godes diagnosed Plaintiff with COPD.  He opined that due to COPD, Plaintiff was able to lift 10 pounds occasionally and less than 10 pounds frequently; he could stand and walk for less than 2 hours out of an 8-hour workday; pushing and pulling should be limited in the upper and lower extremities; and he should avoid exposure to potentially irritating fumes.  (*Id.*)  Dr. Godes noted that there were no postural, manipulative, visual, or communicative limitations.  (*Id.*)

In June 2018, Plaintiff's condition was evaluated by state agency consultant J. Rule M.D., in connection with his initial disability determination.  (AR 69-74.)  Dr. Rule noted that Plaintiff experienced poor sleep, anxiety, and shortness of breath; Plaintiff's medically determinable impairments were reasonably expected to provide his pain or other symptoms; but Plaintiff's statements about the intensity, persistence, and functionally limiting effects of his symptoms were not substantiated by the objective evidence alone.  (AR 69.)  Dr. Rule based his opinion on Plaintiff's activities of daily living; the location, duration, frequency, and intensity of Plaintiff's pain and other symptoms; precipitating and aggravating factors; medication treatment; and Plaintiff's statements to medical sources and to Dr. Rule.  (*Id.*)  He found that Plaintiff had the following exertional limitations: he could lift/carry 20 pounds occasionally and 10 pounds frequently; stand, walk, and sit about 6 hours in an 8-hour day; no other limitation in his ability to push and/or pull; and no postural, manipulative, visual,

communicative, or environmental limitations.  (AR 70.)  He further opined that Plaintiff must avoid concentrated exposure to extreme cold, extreme heat, fumes, odors, dusts, gases, and poor ventilation.  (AR 71.)  Dr. Rule stated that his opinions were based on Plaintiff's COPD, primarily chronic bronchitis.  (AR 70-71.)  He concluded that in consideration of all evidence in Plaintiff's file, he appeared to be capable of at least light work; and a light RFC was consistent with the objective findings in the record, including physical examinations, PFTs, chest x-rays, and treatment records.  (AR 71.)

In September 2018, Plaintiff's condition was evaluated by Sharon Amon, M.D., in connection with Plaintiff's disability determination on reconsideration.  (AR 101-04.)  Dr. Amon made identical findings to Dr. Rule, reviewed the same evidence (as well as Dr. Rule's opinion), and reached the same conclusions about Plaintiff's functional capacity.  (*See id.*)

## III.    Analysis

### A.  The ALJ Properly Evaluated Dr. Godes's Opinion

The ALJ stated that he did not find Dr. Godes's opinion to be persuasive. (AR 26.)  He explained that while Dr. Godes provided some explanation for his opinions, they were not well supported by his examination findings, including that Plaintiff had decreased breath sounds, but clear lungs; regular heart rate and rhythm; intact lumbar spine range of motion; knee flexion to 120 degrees bilaterally; 5/5 motor strength; normal sensation and deep tendon reflexes; and normal gait.  (*Id.*)  The ALJ also found that Dr. Godes's opinions were not consistent with the overall evidence that routinely reported that Plaintiff had clear lungs with other generally unremarkable findings, including full cervical spine range of motion; regular heart rate and rhythm; and no focal neurological deficits.  (*Id.*)  Finally, the ALJ determined that compared to the opinion of Dr. Godes, he found that opinions of consultative examiner Dr. Serseni more persuasive.  (*Id.*)

8

The ALJ's evaluation of Dr. Godes's opinion is free of legal error.  The ALJ applied the appropriate legal standard, as set out in 20 C.F.R. § 416.920c, by considering Dr. Godes's opinion under the listed factors and articulating the most important factors of supportability and consistency.  (*Id.*)  Plaintiff contends that the ALJ impermissibly rejected Dr. Godes's opinion, and that the reasons provided by the ALJ for discounting Dr. Godes's opinion are not supported by the record.  (Joint Stip. at 4, 7-11, 21-24.)  He first disputes the ALJ's conclusion that Dr. Godes's opinion was not well-supported by his own examination findings.  (*Id.* at 7-8.)  The Court disagrees with Plaintiff, and finds that the ALJ reasonably concluded that Dr. Godes's opinion is not supported by his own findings.  An ALJ may properly discount a medical opinion where the opinion is contradicted by the physician's own contemporaneous findings. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).  Here, despite a physical examination which revealed normal lung expansion, normal resonance to percussion, no rhonchi, rales, or wheezing, and normal cardiovascular and musculoskeletal findings, Dr. Godes assessed a restrictive functional limitation that Plaintiff could lift and/or carry 10 pounds occasionally, stand and walk for less than 2 hours per day, and was limited in pushing and pulling in all extremities.  (AR 475-76.)  Although a PFT showed moderately severe obstructive disease, the same test showed no restrictive disease.  (AR 468, 476.)  The gravamen of Dr. Godes's physical evaluation is plainly at odds with the severity of his functional assessment.

Plaintiff notes that Dr. Godes made findings that Plaintiff suffered from COPD, had decreased breath sounds on expiration, and a PFT showed moderate severe obstructive disease—all of which are consistent with his functional assessment.  (Joint Stip. at 7 (citing AR 475-76).)  The ALJ conceded that Dr. Godes provided some explanation for his opinions, presumably the supportive findings to which Plaintiff points.  (AR 26.)  But viewed in its totality, Dr. Godes's examination of Plaintiff (which included respiratory and cardiovascular, as well as musculoskeletal findings) showed generally mild symptoms that were inconsistent with the degree of limitation he opined.  Plaintiff also argues that Dr. Godes's findings that

9

Plaintiff had normal findings in his back, knees, motor strength, and gait are not relevant to any limitations he experienced as a result of COPD, a respiratory condition.  (Joint Stip. at 7.)  But Plaintiff fails to consider that Dr. Godes's examination revealed other normal respiratory and cardiovascular findings that were inconsistent with his assessment of Plaintiff's overall functional ability.

Plaintiff next contends that the ALJ's second reason for discounting Dr. Godes's opinion—its inconsistent with the overall record—is not supported by the evidence.  (*Id.* at 8-9.)  An ALJ may discount a treating source opinion where it is not supported by objective evidence in the record and where it is contradicted by other statements and assessments of a plaintiff's medical condition.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Here too, the Court disagrees with Plaintiff.

The record contains the following pertinent evidence about Plaintiff's condition.  In October 2017, Plaintiff was admitted for a 12-day stay to St. Joseph Medical Center for shortness of breath and right-sided chest pain.  (AR 360-61.)  A chest x-ray showed a large pneumothorax and a chest tube was placed, a chest CT scan showed COPD, and Plaintiff was noted to have an extensive history of tobacco use.  (AR 360.)  An echocardiogram showed an ejection fraction at 60% to 65%; no regional wall motion abnormalities; no indication of aortic registration; normal LV chamber size; no mitral valve regurgitation; no pericardial effusion; and normal pulmonary artery systolic pressure.  (AR 420-24.)

In November 2017, Plaintiff presented for a routine physical examination and requested a referral for a respiratory specialist.  (AR 429.)  A physical examination revealed lungs clear to auscultation bilaterally, no wheezes, rales, or rhonchi, and normal respiratory effort; regular heart rate and rhythm with no murmurs; and full range of motion.  (AR 431-32.)  Plaintiff was assessed with COPD, unspecified, was continued on inhaler medication—he reported that his breathing had improved, and was referred to a pulmonary diseases specialist.  (AR 432.)  In

10

December 2017, Plaintiff denied any respiratory or cardiovascular distress, and an examination revealed lungs clear to auscultation bilaterally, no wheezes, rales, or rhonchi, with normal respiratory effort.  (AR 434-35.)

In a January 2018 follow-up appointment for his prior hospitalization, Plaintiff's blood pressure was 130/80 with a body mass index of 26.9; he had clear lungs, regular heart rate and rhythm; and he had no cyanosis.  (AR 453-56.)  The doctor assessed severe COPD and wrote that Plaintiff would be given nebulizers and a Medrol dose pack.  (AR 456.)  Two months later, an follow-up examination by the same doctor revealed that Plaintiff had clear lungs, regular heart rate and rhythm, no edema, and no cyanosis.  (AR 488-93.)  An April 2018 PFT study evidenced severe obstructive disease with no change after bronchodilation.  (AR 499-500.)  Plaintiff was examined by Dr. Godes the following month.  (AR 473-77.)

In December 2018, during an appointment for Plaintiff's joint pain, *i.e.*, a non-respiratory condition, Plaintiff's history of COPD and emphysema was noted, but no findings were made as to his respiratory function.  (AR 502.)  In August 2019, Plaintiff presented with no complaints of respiratory or cardiovascular distress.  (AR 576.)  An examination revealed lungs clear to auscultation bilaterally, no wheezes, rales, or rhonchi, and normal respiratory effort.  (AR 577.)  Throughout the relevant period, Plaintiff presented to various providers for a myriad of other non-respiratory issues.  Plaintiff's providers consistently found normal cardiovascular and respiratory function, continued his medication, and scheduled follow-up appointments.  (*See, e.g.*, AR 485-86 (January 2018); 495-96 (June 2018); 509-11 (March 2018); 520-21 (September 2018); 525-26 (December 2018); 530-31 (May 9, 2019); 536-38 (May 23, 2019); 543-45 (July 2019); 552-53 (October 2018); 593-94 (November 2018); 615-16 (August 2019).)

Based on the foregoing, the Court finds that the ALJ did not err in finding that Dr. Godes's opinion was inconsistent with the record as a whole.  Following Plaintiff's October

2017 hospitalization, his medical records show consistently normal respiratory and cardiovascular findings, with few complaints of respiratory distress or discomfort. Moreover, the record contains no corroborative evidence of the highly restrictive limitations opined by Dr. Godes.  Plaintiff contends that the normal findings in the record are taken out of context because they occurred when Plaintiff presented for non-respiratory complaints.  (Joint Stip. at 8-9.)  But this does not diminish the value of the findings, and there is no evidence to suggest that the providers' assessments were impacted by Plaintiff having presented for non-respiratory concerns.  Despite Plaintiff's subjective complaints of chest pain and shortness of breath, physical examination findings throughout the relevant period were unremarkable, and thus, the ALJ reasonably concluded that these findings diluted the persuasiveness of Dr. Godes's restrictive functional assessment.  *See Batson*, 359 F.3d at 1195.

Plaintiff lastly contends that the ALJ erred by stating that he found Dr. Godes's opinion less persuasive than the psychiatric opinion of another doctor in the record.  (Joint Stip. at 9.)  Although the connection between the ALJ's comparison of Dr. Godes's opinion concerning Plaintiff's physical limitations and Dr. Serseni's psychiatric evaluation (AR 457-66) may be tenuous, any error here would be harmless given that the ALJ properly assessed the supportability and consistency of Dr. Godes's opinion as the regulations require.  *See Molina*, 674 F.3d at 1115.

In sum, the Court finds the ALJ properly evaluated Dr. Godes's opinion and remand on this basis is not warranted.

**B.  The ALJ Properly Evaluated the Opinions of the State Agency Physicians**

The ALJ stated that he found significant persuasive value in the opinions of the state agency consultants, Drs. Rule and Amon, because they were supported by the evidence the doctors reviewed and were consistent with the overall evidence.  (AR 25.)  The ALJ explained

that the consultants determined that Plaintiff's COPD was a severe impairment and limited him to a range of light work with the need to avoid concentrated exposures to extreme heat, extreme cold, and pulmonary irritants; and the record evidence supports this functional assessment.  (AR 25-26.)

The ALJ's evaluation of the state agency physicians' opinions is free of legal error. The RFCs assessed by these doctors was consistent with the largely normal respiratory and cardiovascular findings in the record, which are described in great detail above.  (*See, e.g.*, AR 431-32, 434-35, 453-56, 485-86, 488-93, 495-96, 499-500, 509-11; *see also* AR 502, 520-21, 525-26, 530-31, 536-38, 543-45, 552-53, 576-77, 593-94, 615-16.)

Plaintiff briefly asserts that, rather than the opinion of Dr. Godes, it is the opinions of the state consultants that find no support in the record. According to Plaintiff,  these doctors reviewed essentially the same evidence as Dr. Godes and came to different conclusions and unlike Dr. Godes, they are not specialists, nor did they actually examine Plaintiff.  (Joint Stip. at 9-10.)  Accordingly, Plaintiff contends that Dr. Godes's opinion is of greater value than the opinions of the state agency physicians.  For the reasons discussed below, Plaintiff's arguments are without merit.

First, Drs. Rule and Amon did not review "essentially the same" evidence as Dr. Godes; rather, Dr. Godes reviewed only Plaintiff's October 2017 hospital records and some medical records indicating a COPD diagnosis.  (AR 473.)  By contrast, Drs. Rule and Amon reviewed Plaintiff's entire medical record preceding the dates they made their findings (respectively, June and September 2018), including Dr. Godes's opinion.  (AR 71, 87, 104.)  Additionally, although Dr. Godes may specialize as an internist, his practice area is irrelevant where,  as discussed above, his opinion is internally inconsistent and inconsistent with the record as a whole.  Second, although Plaintiff contends the ALJ should have accounted for the difference in specializations between the doctors, the revised rules required that the ALJ only consider

those factors, not articulate his rationale concerning them.  *See* 20 C.F.R. § 416.920c(b)(2); *Allen T. v. Saul*, Case No. EDCV 19-1066-KS, 2020 WL 3510871, at *4 (C.D. Cal. June 29, 2020); *see also* 82 Fed. Reg. 5844-01, 5855 ("[T]he use of the term 'consider' is consistent with our current rules, and it is easily distinguishable from the articulation requirements.") (footnote omitted).  Finally, Plaintiff's argument that Dr. Godes's opinion deserves more weight because he examined Plaintiff fails for the same reason—the ALJ was not required to address the kind of relationship Dr. Godes or the state agency doctors had with Plaintiff, given that the ALJ did not find that the doctors' opinions were equally well-supported and consistent with the record.  *See* 20 C.F.R. § 416.920c(b)(3).

Thus, the record shows the ALJ's evaluation of the opinion evidence is free of legal error and supported by the record.  The ALJ provided legally adequate reasons for finding Dr. Godes's opinion less persuasive and the state agency physicians' opinions more persuasive. Accordingly, remand on this basis is not warranted and the ALJ's decision must be affirmed.

## CONCLUSION

For the reasons stated above, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error.  Neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, it is ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration.

//
//
//
//

14

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: March 29, 2021

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

15